IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **ULTRATEC, INC. and CAPTEL, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:14-cv-00066-JDP |

## DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE REGARDING FINDINGS BY THE COURT OR JURY IN PRIOR LITIGATION

Defendants request narrow relief regarding the use of evidence pertaining to prior litigation between the parties involving patents not asserted in this suit, Case No. 13-cv-346-BBC (W.D. Wis.) (*CaptionCall I*)—specifically, the exclusion of any reference to liability or damages findings from *CaptionCall I*. Defendants anticipate that plaintiffs will attempt to reference at trial in this case the Court's or jury's findings relating to infringement, invalidity, or damages in *CaptionCall I*. However, because the outcome in *CaptionCall I* is irrelevant to this suit and, if referenced, would unfairly prejudice defendants, waste time, and inevitably confuse and mislead the jury, the Court should preclude reference to the liability or damages findings in *CaptionCall I*. This narrow exclusion of evidence or argument relating to the outcome of prior litigation involving unrelated patents is appropriate and warranted under Federal Rules of Evidence 401-403, and it is the type of exclusionary relief frequently granted by courts in similar circumstances.[1,2]

---

[1] Should the Court permit reference to the Court's or jury's findings relating to infringement, validity, or damages in *CaptionCall I*, defendants would then likely need to present evidence to the jury regarding the final written decisions

1

I.  ARGUMENT

   A.  **The Court should preclude reference to findings of liability or damages in *CaptionCall I* during the liability phase of trial.[3]**

Defendants anticipate that plaintiffs may attempt to introduce evidence of the Court's or jury's findings relating to infringement, invalidity, or damages in the liability phase of trial—for example, to suggest to the jury that plaintiffs' captioned telephone patents are valid, or that defendants are bad actors who have previously been found to infringe another set of plaintiffs' patents that relate to captioned telephone service. Such evidence is plainly irrelevant and inadmissible under Federal Rules of Evidence 401 and 402. *See* Fed. R. Evid. 401, 402. But even if *CaptionCall I* findings were relevant to the jury's evaluation of liability here (they are not), referencing them would unfairly prejudice defendants, waste time, confuse the jury as to the issues to be decided, and inevitably mislead the jury. Fed. R. Evid. 403. Courts regularly exclude evidence and argument relating to the outcomes of prior patent proceedings—even in cases involving the *same* patents.[4]

---

of the Patent Trial and Appeal Board ("PTAB") invalidating the claims supporting the jury's infringement, invalidity, and damages findings in *CaptionCall I* to mitigate the unfair prejudice to defendants and misuse of the prior litigation by the jury. *E.g., Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4129193, at *3 (N.D. Cal. June 8, 2015) (deferring ruling on admissibility of ongoing PTO proceedings as rebuttal evidence to see if the plaintiff "opens the door in its case in chief" to such rebuttal evidence by relying on examiner statements).

[2] For the avoidance of doubt, this motion does not seek to exclude the use of prior sworn testimony provided during *CaptionCall I* in the same manner that the parties may use depositions or other prior sworn testimony. Defendants simply seek to exclude outcome-oriented evidence from *CaptionCall I* that bears a high likelihood of improperly influencing the jury's decisions with respect to the unrelated patent asserted in this suit. *See, e.g., Ameritox, Ltd. v. Millennium Health, LLC*, 2015 WL 1520821, at *27-28 (W.D. Wis. Apr. 3, 2015) (permitting introduction of "certain evidence, admissions or arguments" in prior litigation between the same parties, "[p]referably . . . done by impeachment or reading in sworn statements by a party opponent").

[3] Defendants likewise believe that the findings relating to infringement, invalidity, or damages in *CaptionCall I* are inadmissible in the damages phase of trial, but pursuant to the parties' agreement and the Court's order as to certain damages-related motions in limine, defendants intend to file a motion in limine on that issue on July 31, 2015.

[4] *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1573 (Fed. Cir. 1993) (affirming district court's exclusion of certain prior litigation findings involving the same patent under Fed. R. Evid. 403); *Hypertherm, Inc. v. Am. Torch Tip. Co.*, 2009 WL 435324, at *5 (D.N.H. Feb. 19, 2009) (excluding evidence of the outcome of prior litigation between the same parties on different patents where the defendant had been found liable for willful infringement, but noting that "to the extent that witnesses' prior statements made in connection with the parties' previous litigation meet the requirements of Federal Rule of Evidence 613, they may be used for impeachment purposes"); *Kowalski v. Anova Food, LLC*, 2015 WL 1119411, at *3 (D. Haw. Feb. 18, 2015) ("Evidence of Plaintiffs' prior litigation results is

The Court's and jury's findings in *CaptionCall I* for unrelated patents do not bear on the liability issues presented in this case, and on that basis alone are inadmissible. Fed. R. Evid. 401, 402. Unlike certain limited situations in which courts have permitted evidence of prior litigation because it involved the same parties *and* patents,[5] this is not that case. The '398 patent is not related to the patents asserted in *CaptionCall I* pertaining to revoicing, voice and text, and two-line captioned telephony. The '398 patent is from a different patent family and relates to the distinct and narrow alleged invention of using echo cancellation in a two-line captioned telephone. On similar facts involving the same parties (but different patents) in prior litigation, courts regularly exclude evidence concerning the outcome of that prior litigation because the outcome did not satisfy the threshold relevance requirements of Federal Rules of Evidence 401 and 402. *See, e.g., Hypertherm*, 2009 WL 435324 at *5 (excluding evidence, in part, under Rule 402 of outcome of prior litigation between the same parties on different patents where defendant had been found liable for willful infringement); *Kowalski*, 2015 WL 1119411, at *3 (excluding evidence of prior litigation results between the same parties, and noting that "[e]vidence of Plaintiffs' prior litigation results is generally not relevant and not admissible at the liability phase of the trial"); *Arlington Indus.*, 2009 WL 2997923, at *1-2 (excluding certain prior litigation evidence between the same parties relating to different patents, in part, under Rule 402). For the

---

generally not relevant and not admissible at the liability phase of the trial… The Court will evaluate the Plaintiffs' proffer of evidence should there be a damages phase of the trial, depending on the nature and type of evidence Plaintiffs seek to introduce regarding its prior litigation results."); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 2009 WL 2997923, at *1-2 (M.D. Pa. Sept. 11, 2009) (excluding certain evidence of prior litigation between the same parties relating to different patents as either irrelevant under Fed. R. Evid. 402 or unfairly prejudicial under Fed. R. Evid. 403); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigation because such litigation would cause undue delay and serve only to confuse the jury).

[5] *Cf. Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1359, 1366 (Fed. Cir. 2006) (affirming district court's admission of evidence that defendant had previously been adjudicated to infringe the same patent as relevant to willfulness); *Hypertherm*, 2009 WL 435324 at *5 (questioning *Applied Medical's* relevance given *Hypertherm* involved a suit between the same parties but *different* patents). *But see Mendenhall*, 5 F.3d at 1575 (excluding evidence of prior outcome between different parties but involving the same patent under Fed. R. Evid. 403).

3

same reason, liability and damages findings in *CaptionCall I* are irrelevant and thus inadmissible under Federal Rules of Evidence 401 and 402.

Even if the Court's and jury's liability and damages findings in *CaptionCall I* were somehow relevant to the jury's decisions in this case (they are not), permitting reference to that outcome-oriented evidence would unfairly prejudice defendants, waste time, and confuse and mislead the jury. That likewise warrants exclusion of any reference to the liability and damages findings in *CaptionCall I*. Fed. R. Evid. 403. Indeed, this case is unique in the degree of unfair prejudice that would result to defendants and the confusion that would abound for the jury if *CaptionCall I* liability and damages findings were admitted. Those findings are not final—*i.e.*, the Court has stayed its ruling on post-trial motions—and they have been gutted of any probative value they *might* have otherwise had on the issues in this suit by the PTAB's invalidation of every claim supporting the jury's damages award. *See CaptionCall I*, Dkt. 876 (stay order). Regardless, and even *if* the outcome of *CaptionCall I* were final and the Court had resolved post-trial motions—which it has declined to do given the PTAB's invalidation of the claims asserted in *CaptionCall I*—the probative value of findings that pertain to unrelated patents would be substantially outweighed by the prejudice defendants would suffer from the disclosure of such findings. Disclosure would inevitably and incurably skew the jury's conclusions on liability and damages for the '398 patent, and would lead to a waste of substantial time if defendants then needed to introduce rebuttal evidence and argument concerning the PTAB's invalidation of the claims underlying those findings to rebut plaintiffs' disclosure. That is precisely the result that Rule 403 encourages courts to avoid.

In *Mendenhall v. Cedarapids*, for example, the plaintiff sought to introduce evidence of a verdict and orders on post-trial motions from a prior suit in which the district court in that prior

4

suit had sustained the validity of the same patents asserted in *Mendenhall* and the Federal Circuit had affirmed the district court's liability decision. *Mendenhall*, 5 F.3d at 1568-75. Under Federal Rule of Evidence 403, the district court excluded the evidence because of its potential for unfair prejudice and the Federal Circuit affirmed the exclusion of the results-oriented evidence— *despite* its relevance. *Mendenhall*, 5 F.3d at 1568-75 ("[W]e agree . . . that the possibility of prejudice to the defendant and confusion of the jury was very high if" the court's order from the prior suit on liability was admitted). Other courts have reached the same outcome on similar facts.[6] The facts in *Mendenhall* and its progeny are far less compelling than the facts of this case. The '398 patent is neither the same patent as in *CaptionCall I* nor is it even related to the patents in *CaptionCall I*, the patents in *CaptionCall I* have been invalidated by the PTAB, and proceedings in *CaptionCall I* have been stayed pending appeal of the PTAB's decisions invalidating all of the claims underlying the jury's verdict. Individually and collectively, these facts compel exclusion of the damages and liability findings in *CaptionCall I*.

For the foregoing reasons, the Court should preclude any and all reference to the damages and liability findings from *CaptionCall I* during the liability phase of trial.

## II. CONCLUSION

For the foregoing reasons, defendants request that the Court preclude any reference in front of the jury to the infringement, invalidity, or damages findings in *CaptionCall I* because such evidence is both irrelevant and unfairly prejudicial to defendants. Even if such evidence

---

[6] *Arlington Indus.*, 2009 WL 2997923, at *1-2 (excluding evidence of prior litigation between the same parties relating to different patents as either irrelevant under FRE 402 or unfairly prejudicial under FRE 403); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigation because such litigation would cause undue delay and serve only to confuse the jury).

were relevant, it would inevitably skew the jury's evaluation of the liability issues pertaining to the '398 patent that is at issue here.

Dated: July 20, 2015                    Respectfully submitted,


      */s/ Bryant C. Boren, Jr.*
Bryant C. Boren, Jr.
Lead Attorney
*Admitted Pro Hac Vice*
bryant.c.boren@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 739-7501
Facsimile: (650) 739-7601

Brian Oaks
*Admitted Pro Hac Vice*
brian.oaks@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd.
Austin, TX 78701
Telephone: (512) 322-5470
Facsimile: (512) 322-3621

Jonathan B. Rubenstein
*Admitted Pro Hac Vice*
jonathan.rubenstein@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6594
Facsimile: (214) 661-4594

Allen A. Arntsen
aarntsen@foley.com
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, Wisconsin 53701-1497
Tel.: 608.258.4293
Fax: 608.258.4258

**Attorneys for Defendants and Counter-Plaintiffs Sorenson Communications, Inc. and CaptionCall, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 20, 2015, a copy of the foregoing was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

                                              /s/ *Harper S. Batts*