IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL, INC.,

                Plaintiffs,

v.

SORENSON COMMUNICATIONS, INC. and
CAPTIONCALL, LLC,

                Defendants.

ORDER ON PLAINTIFFS'
MOTION IN LIMINE 16

14-cv-66-jdp

---

    Plaintiffs have moved in limine to exclude 15 prior art references that defendants intend to use to show the state of the art pertinent to the '398 patent. Defendants included the 15 references on a section 282(c) notice served on August 27, 2015. But the references were not included on defendants' third (and final) amended invalidity contentions back in February, 2015.

    Defendants intone the wearying refrain that granting the motion would constitute "reversible error," because they are absolutely entitled to show the state of the art. Defendants are correct that the obviousness analysis is expansive and flexible, and that references like the ones at issue now might be relevant to show what was generally known in the art at the time of the invention. But defendants miss the point, which is not whether the 15 references are relevant. The issue is whether the 15 references were properly disclosed in this case. They were not.

    I will accept defendants' assertion that the 15 references were disclosed in Shenoi's January 16, 2015, report (although disclosing a patent by a Bates number is a questionable practice, and defendants are a bit foggy about whether all the "disputed publications" were in Shenoi's report). But the problem is that after disclosing the Shenoi report, defendants

sought to amend their invalidity contentions to, among other reasons, "[r]educe the number of prior art references relied upon and refine the claim charts for the '398 Patent." Dkt. 105. That motion was granted, plaintiffs relied on it, and now defendants are stuck with their Third Amended Invalidity Contentions. Dkt. 106, Ex. 3.

Defendants argue that the 15 references are "state-of-the-art background references" that did not have to be disclosed in their invalidity contentions. Defendants seem to think that under 35 U.S.C. § 282(c), they can put in whatever they want for "state-of-the-art background references" so long as they are disclosed in writing 30 days before trial. But § 282 does not trump this court's orders requiring earlier disclosure of invalidity contentions. As I ordered on November 21, 2014, in response to defendants' second request to amend their invalidity contentions:

> At this point in the case, I expect the parties to have staked out the essential elements of their core substantive contentions, which include: the claims asserted, the instrumentalities accused, *the prior art relied on for invalidity, and the basis of any other allegation of invalidity*. So, to be clear, from here on, amendments to pleadings or the core substantive contentions will be allowed only with the consent of the parties or with leave of court. Leave to amend core substantive contentions will require a substantial justification.

Dkt. 95 (emphasis added). My order covered any prior art relied on for invalidity, and I made no exception for "state-of-the-art background references."

Defendants asked the court to allow them leave to amend their invalidity contentions, in part to reduce the number of prior art references they would use. The court will hold them

to their word. Plaintiffs' motion in limine no. 16 is GRANTED.

Entered September 22, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge