IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC., and CAPTEL, INC.,

                    Plaintiffs,

    v.

SORENSON COMMUNICATIONS, INC., and
CAPTIONCALL, LLC,

                    Defendants.

ORDER

14-cv-66-jdp

---

The court has reviewed the parties' submissions concerning plaintiffs' evidence of copying. Dkt. 517, Dkt. 518, and Dkt. 519. Defendants' competitive analysis and their tear-down of plaintiffs' captioned telephone device show an attempt to replicate a specific product, which is prototypical evidence of copying. *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010). The court is persuaded that plaintiffs have shown that the evidence of copying has a sufficient nexus to the features of the claimed invention because the features of privacy and accuracy in a two-line captioned phone are features of the invention, and they were noted as virtues of plaintiffs' service in defendants' internal documentation.

The court will not exclude the Puzey emails, Exhibits 454 and 455, for several reasons. First, this is a retread of defendants' motion in limine no. 3, now dressed up in judicial estoppel garb. The issue was fully presented by both sides on motion in limine no. 3, and defendants could have pressed this theory then. Second, this is not a circumstance in which judicial estoppel is warranted. In *Ultratec I*, plaintiffs proposed as summary judgment facts that defendants had not investigated the patents-in-suit, because at summary judgment, defendants had denied doing so. Consequently, Judge Crabb held plaintiffs to that position. But defendants here have not shown that plaintiffs used that lack of knowledge to prevail on

any issue. It appears instead that the position damaged plaintiffs' inducement case. *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 914 (7th Cir. 2005) (holding that for judicial estoppel to apply, "the party must have prevailed on the basis of its earlier position). And, as plaintiffs point out, after summary judgment in *Ultratec I*, they acquired the Wellman evidence, which provides more information concerning knowledge of the patents. The court concludes that it would not be appropriate to apply the doctrine of judicial estoppel to exclude the Puzey emails.

Third, defendants' primary argument about the Puzey emails is that they are unfairly prejudicial. But given defendants' stipulation of infringement, any risk of unfair prejudice from the coping evidence is very substantially reduced. The primary prejudice that derives from copying evidence is that the jury might assume that any copying equates to infringement. But with infringement off the table, defendants here will not face that prejudice. Thus, the probative value of the copying evidence is not outweighed by whatever prejudicial effect it might have.

One final point. A stipulation of infringement is not, by itself, evidence of copying. *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1370 (Fed. Cir. 2011). However, by virtue of the stipulation of infringement, it is now established that defendants' captioned telephone service uses echo cancellation to cancel the voice of the assisted user. This is a fact that plaintiffs may use as part of their showing of copying.

The court does not intend, however, to instruct the jury that defendants have been found to infringe.

Entered September 27, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge