IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL, INC.,

                               JURY INSTRUCTIONS
                                  (DAMAGES)
                  [DRAFT: 5 OCTOBER 2015]

                       Plaintiffs,

      v.                                      14-cv-66-jdp

SORENSON COMMUNICATIONS, INC. and
CAPTIONCALL, LLC,
                       Defendants.

---

**Pre-trial Instructions**

Ladies and Gentlemen of the Jury:

We are about to begin the damages phase of the trial. This part of the trial will, in general, follow the same pattern as the liability phase. Counsel will make opening statements, we will hear the evidence, and then I will instruct you on the law applicable to damages. Counsel will make closing arguments and you will deliberate.

For this phase of the trial, it is now established that defendants have infringed the '398 patent during at least one of defendants' captioned telephone calls.

You must now decide what amount of money damages would compensate plaintiffs for defendants' infringement of the '398 patent. Plaintiffs must prove their damages by a preponderance of the evidence.

I will instruct you in more detail about the law you will apply after you hear the evidence. But my general instructions about evaluating evidence and your conduct as jurors still apply.

**Post-trial Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with

the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict on damages, consisting of [two] questions. In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

**Answers Not Based on Guesswork**

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

[11.4.1 DAMAGES — GENERAL]

You must now consider what amount of damages to award to plaintiffs. Plaintiffs must prove damages by a preponderance of the evidence. You are to award plaintiffs damages adequate to compensate plaintiffs for infringement. The damages you award are intended to compensate the patent holder, not to punish the infringer.

You may award damages for any infringement by defendants beginning on February 9, 2010, which is the date the '398 patent issued.

## EXTENT OF INFRINGEMENT

Claims 11, 12, and 13 of the '398 patent are method claims. A method claim is infringed only if each step of the claimed method is actually performed.

In determining the extent of infringement, you must use the same definitions of claim terms that I have provided to you. The phrases I have defined are as follows:

The claim term "assisted unit," found in claim 13, means "assisted user."

The claim term "telephone line" means "a communication line capable of carrying voice and/or data."

The claim term "cancel the voice of the assisted user from the second telephone line so that the relay does not hear the voice of the assisted user, so the relay can caption all the words on the second telephone line" should be given its plain meaning. This claim limitation is satisfied so long as a call assistant with normal hearing would not hear the words spoken by the assisted user while captioning a call.

[11.4.4 REASONABLE ROYALTY]

Plaintiffs seek to recover a reasonable royalty.

A royalty is a payment made to the owner of a patent by someone else so that he can make, use, or sell the patented invention. A "reasonable royalty" is the amount plaintiffs and defendants would have agreed upon as a royalty at the time defendants' infringement began.

In determining a reasonable royalty, you should assume that plaintiffs would have been willing to allow defendants to use the patented invention and that defendants would have been willing to pay plaintiffs to do so. You should take into account what plaintiffs' and defendants' expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both plaintiffs and defendants would have believed that plaintiffs' patent was valid and infringed. You should also assume that defendants would have been willing to pay, and plaintiffs would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what plaintiffs and defendants would have agreed upon if they had negotiated in this manner, not just what either plaintiffs or defendants would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

- Royalties that others paid to plaintiffs for the patented invention;
- Royalties that defendants paid to others for comparable patents;

- Whether plaintiffs had a policy of licensing or not licensing the patents;

- Whether plaintiffs and defendants are competitors;

- Whether use of the patented invention helps to make sales of other products or services;

- Whether the product made using the patent is commercially successful, as well as its profitability;

- The advantages of using the patented invention over methods not covered by the patent;

- The extent of defendants' use of the patented invention and the value of that use to defendants;

- Any royalty amounts that are customary for similar or comparable patented inventions;

- The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by defendants;

- Expert opinions regarding what would be a reasonable royalty.

[AIPLA 11.19 REASONABLE ROYALTY – TIMING]

The relevant date for the hypothetical reasonable royalty negotiation is February 9, 2010. However, you may consider evidence relating to events after this date in determining the royalty that would have resulted from the hypothetical negotiation.

[AIPLA 11.20 REASONABLE ROYALTY –
AVAILABILITY OF NON-INFRINGING SUBSTITUTES]

In determining a reasonable royalty, you may also consider available non-infringing alternatives to the patented invention. But the evidence must show that any such alternatives were: readily available to defendants at the time of the hypothetical negotiation; acceptable as a substitute for the patented invention to defendants and their customers; and could be used without infringing patents held by others.