IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL, INC.,

                       Plaintiffs,

v.

SORENSON COMMUNICATIONS, INC. and
CAPTIONCALL, LLC,

                       Defendants.

ORDER

14-cv-66-jdp

---

Two motions by defendants are before the court. The court's rulings were presented in court yesterday. This order provides additional reasoning.

1. **Motion for judgment as a matter of law on willfulness**

First, defendants have moved for judgment as a matter of law that their infringement, if any, was not willful. Dkt. 553. Defendants contend that their obviousness defense was objectively reasonable, and thus plaintiffs cannot satisfy the objective prong of the willfulness inquiry under *Seagate*, which is a threshold question of law best decided by the court. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). And further, if the objective prong is not satisfied, then the subjective prong cannot be sent to the jury. *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011). Defendants request expedited consideration so that the issue can be resolved before the damages phase of the trial.

The court will decide the motion on an expedited basis and grant it. The court's decision that the CapTel trials are prior art nearly compels the conclusion that defendants' obviousness defense was objectively reasonable. As defendants' technical expert, Dr. Shenoi, explained, all the elements of claim 11 were in the prior art. The one-line captioned telephone, as implemented in the CapTel trials, had the benefits of voice separation

accomplished by echo cancellation, by which the call assistant heard only the voice of the assisted user. This provides the advantages of speed, accuracy, and privacy. The '685 published application showed the benefits of the two-line configuration: direct dialing of both out-going and incoming calls, providing both convenience and safety. All the features of what plaintiffs' witness, Brenda Battat, described as "functional equivalence" were in the prior art. One of ordinary skill in the art would recognize the benefits of the two-line system and the benefits of voice separation and seek to combine them.

Plaintiffs have not shown that the way in which the components were combined presented any special technical problems that were solved by the teaching of the '398 patent. But Dr. Shenoi made a convincing case that the features of the '398 patent were obvious design decisions. In particular, it would have been obvious to put the voice-separating echo canceller in the captioned telephone, so that it would be near the source of the reference signal, the original voice of the assisted user. It would have been possible to send the un-cancelled signal to the relay and to locate the echo cancellation processor at the relay, but then the reference signal would be affected by any interference on the second telephone line, which would make the echo cancellation less reliable. Indeed, plaintiffs' witnesses all conceded that there was no advantage to send the un-cancelled signal to the relay.

Plaintiffs' expert conceded that the additional limitations in claims 12 and 13 were also in the prior art. Plaintiff made no showing that the addition of these limitations were not also design decisions that would have been obvious to one of skill in the art.

Plaintiffs' showing of secondary considerations does not overcome defendants' obviousness case. With the exception of the copying evidence, the secondary considerations are not compellingly tied to the benefits of the '398 patent, as opposed to the benefits of

2

using the technology in the prior art. The licensing, praise, and commercial success all derive from plaintiffs' technology as a whole, and plaintiffs did not meaningfully parse the benefits specific to the '398 patent. Plaintiffs' copying evidence is somewhat more telling. Although defendants attempted to minimize this evidence as merely competitive intelligence, plaintiffs' presented a persuasive case that defendants set out to mimic all material the features of their captioned telephone service, including combining the benefits of the one-line and two-line captioning in a single device and system. The copying evidence may persuade the jury, but it does not, in the context of all the evidence concerning obviousness, render defendants' obviousness case unreasonable.

In sum, even though the jury did not accept defendants' obviousness defense, it was an objectively reasonable one. The court concludes, as a matter of law, that plaintiffs cannot meet the objective prong of the *Seagate* willfulness test, and thus defendants are entitled to judgment as a matter of law that their infringement, if any, was not willful. The court will not present the subjective prong of the willfulness inquiry to the jury.

The court need not, and does not, reach the question of whether defendants' obviousness defense would have been objectively reasonable if the CapTel trials are not prior art.

2. **Motion to exclude portions of plaintiffs' expert testimony**

Defendants' second motion seeks to strike portions of the testimony by plaintiffs' experts Paul Luckwick and Bruce McFarlane. Dkt. 557. This motion will be denied.

Defendants' motion is predicated on the notion that plaintiffs' experts based their opinions as to damages on plaintiffs' proposed claim constructions, which the court did not adopt. In particular, plaintiffs' relied on their proposed construction of "cancel the voice of

3

the assisted user," pursuant to which the voice was cancelled if it was attenuated the point of being not distracting. The court adopted a construction closer to defendants' proposal, which interpreted "cancel" to require that the words of the assisted user be inaudible. Defendants conceded that under the court's construction, some of their calls infringed the '398 patent. Now, in the damages phase, one of the questions to resolve is how much defendants have infringed.

Defendants contend that on some of the calls documented by Ludwick, the voice of the assisted user is plainly audible, and thus those calls cannot infringe. Defendants further contend that Ludwick did not disclose any opinions concerning the extent of infringement, and thus he cannot offer those opinions now. But defendants have not persuaded the court that any portion of Ludwick's or McFarlane's testimony should be stricken. Defendants submitted the slides that plaintiffs propose to use in their opening statement, but they did not point out which slides are objectionable.

The court will offer this guidance: the court will not prevent plaintiffs from showing the extent of infringement simply because the court did not adopt plaintiffs' proposed construction of "cancel." But, as always, experts may testify only as to opinions properly disclosed in their required expert disclosures.

Entered October 6, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

4