IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL, INC.,

        Plaintiffs,

v.

SORENSON COMMUNICATIONS, INC. and
CAPTIONCALL, LLC,

        Defendants.

ORDER

14-cv-66-jdp

---

The parties are in the midst of multiple *inter partes* review proceedings before the Patent Trial and Appeal Board (PTAB) involving patents not directly at issue in this case. Plaintiffs have moved PTAB for dismissal on the ground that defendants have failed to disclose all of the real parties-in-interest. To support their motion, plaintiffs seek to use two documents from this case: sets of financial statements (bates numbered CC21821-CC21856 and CC21857-CC21898). But these documents are subject to this court's protective order, which prohibits their disclosure to third parties. Accordingly, plaintiffs have moved this court for relief from the protective order so that plaintiffs may file them with PTAB.[1] Dkt. 668.

The court held a telephonic hearing on March 9, 2016, and granted plaintiffs' motion for relief, for reasons explained at the hearing and summarized here. As a preliminary matter, the parties agreed that the two documents, marked as "Highly Confidential—Outside Counsel Only—Prosecution Bar Information," should be re-designated as "Highly Confidential—Outside Counsel Only Information." The documents are ordered re-designated as agreed.

---

[1] Plaintiffs' request did not itself violate the protective order by describing the information at a high level of abstraction.

The court also grants relief from the protective order's restrictions on the use of these two documents so that plaintiffs may submit them under seal to PTAB. This ruling does not circumvent the PTAB order denying plaintiffs' request to conduct discovery because these documents had already been produced in discovery in this case. Defendants have not shown that they would be prejudiced or unfairly disadvantaged by allowing plaintiffs to file the two documents under circumstances in which their confidentiality is preserved. Whether the information in these documents is cumulative or even relevant to plaintiffs' motion to dismiss, or whether plaintiffs' motion is appropriate in the first place, are all matters for PTAB to decide.

Plaintiffs may file the two documents with PTAB, but they must do so in a manner that, with the exception of the disclosure to PTAB itself, preserves the document's confidentiality consistent with the terms of this court's protective order. Based on the information provided at the hearing, plaintiffs will avail themselves of the provisional sealing procedures available for proceedings in PTAB.

Entered March 10, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge