IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL, INC.,

      Plaintiffs,

v.                    ORDER

SORENSON COMMUNICATIONS, INC. and    14-cv-66-jdp
CAPTIONCALL, LLC,

      Defendants.

---

  Plaintiffs have moved for post-judgment discovery to investigate the alternative captioning technology that defendants contend they implemented on December 3, 2015. Dkt. 637. Plaintiffs want to know whether the alternative technology is actually in use and whether it is actually non-infringing. Plaintiff wants "to inspect any and all software, hardware and firmware, as well as a call center, to confirm the design-around is being exclusively used and is indeed non-infringing as Defendants claim." *Id*. at 2. Plaintiffs also seek document production, responses to interrogatories, and a Rule 30(b)(6) deposition. This discovery is justified here, according to plaintiffs, to support their request for supplemental damages. The motion will be denied.

  Plaintiffs seek more or less unlimited discovery to support a new infringement allegation against defendants' alternative technology. The parties apparently agree that some non-infringing alternatives exist. The alternative now in use—automatic voice control with some warbling—was disclosed before trial. Plaintiffs have not before suggested that the alternative would infringe the patents-in-suit.

  Plaintiffs might be entitled to discovery to determine whether defendants' alternative is "no more than a colorable imitation" of the technology that has already found to be

infringing. A colorable imitation would still fall within the scope of an injunction (assuming one were to issue), and that might be an appropriate subject for post-judgment discovery in this case. *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). But that is not plaintiffs' argument. Plaintiffs are not foreclosed from asserting that the use of automatic volume control with warbling infringes one or more of their patents. But that would be a new allegation of infringement for another case.

If plaintiffs secure an injunction, and they can show that defendants continue to use the infringing technology, they can enforce the injunction by a motion for contempt. If they can show that they have good cause to suspect non-compliance, the court would allow discovery on the subject.

At this point, plaintiffs have not demonstrated their entitlement to discovery concerning defendants' alternative technology. Plaintiffs Ultratec, Inc. and CapTel, Inc.'s motion for discovery, Dkt. 637, is DENIED.

Entered April 4, 2016.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge