IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC., and CAPTEL, INC.,

Plaintiffs,

v.                                                            OPINION & ORDER

SORENSON COMMUNICATIONS, INC., and                            14-cv-66-jdp
CAPTIONCALL, LLC,

Defendants.

---

This is a patent infringement case involving a captioned telephone service for the deaf
and hearing-impaired. Plaintiffs Ultratec, Inc., and CapTel, Inc., asserted U.S. Patent
No. 7,660,398 (the '398 patent) against defendants Sorenson Communications, Inc., and
CaptionCall, LLC. Defendants stipulated to infringement, and the case went to trial on validity
and damages. The jury found that the asserted claims were not obvious and awarded damages
to plaintiffs for infringement. After trial, the court granted defendants' motion for judgment as
a matter of law that the '398 patent is invalid as obvious. Dkt. 706.

Defendants now move for attorney fees under 35 U.S.C. § 285. They contend that
plaintiffs knew that their claims were invalid as obvious over plaintiffs' own prior art, but
initiated this infringement case nonetheless. The court is not convinced that the case is
"exceptional" or that fee shifting is warranted, so it will deny defendants' motion.

ANALYSIS

Under § 285 of the Patent Act, "[t]he court in exceptional cases may award reasonable
attorney fees to the prevailing party." 35 U.S.C. § 285. For nearly a decade, under *Brooks*

*Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), an "exceptional" case was one that involved some actionable misconduct. But now, under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), an "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756; *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014). District courts determine whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances. *Octane*, 134 S. Ct. at 1756. The moving party must demonstrate that the case is exceptional by a preponderance of the evidence. *Id.* at 1758. The determination is a discretionary one for the court.

The question is not governed by clear-cut rules, but the court's discretion is guided by the purpose of fee-shifting under § 285, which is to dissuade unreasonable lawsuits and litigation tactics by compensating the prevailing party for enduring them. *See, e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1930–31 (2015). The court should not award fees to punish a patent holder simply for failing to prove infringement. *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) (citing *Octane*, 134 S. Ct. at 1753). A litigation position that seems obviously wrong after a decision on the merits might have seemed reasonable when judged without the benefit of hindsight. And fee-shifting in routine cases would deter legitimate efforts to enforce patent rights. So the court will award fees only if there has been some conduct that warrants imposing on the losing party the additional burden of paying the other side's attorney fees. The court need not find that the losing case was frivolous, or that it was brought in bad faith for an illegitimate purpose (although that

would clearly warrant fee-shifting). *See Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 335 (S.D.N.Y. 2014), *aff'd*, 811 F.3d 479 (Fed. Cir. 2016). Such clearly inappropriate cases and tactics would be sanctionable pursuant to Rule 11 or the court's inherent powers even without § 285.

Because the purpose of § 285 is to compensate parties forced to defend against unreasonable litigation and to deter improper conduct, a good way to think of the question is this: was the losing party's case so unusually weak on the merits that it suggests an improper purpose or demonstrates irresponsible conduct that should be deterred? Or, is there other evidence, besides substantive weakness on the merits, that suggests an improper purpose? With these questions in mind, the court turns to the parties' arguments.

Defendants argue that plaintiffs knew their patent was invalid as obvious over their own prior art, the CapTel trials combined with U.S. Patent Publication No. 2002/0085685 (the '685 publication), yet argued during litigation that the CapTel trials weren't prior art, but rather were an experimental use. They complain that plaintiffs mischaracterized the evidence concerning the trials and made "objectively baseless arguments that contradicted well-settled legal principles" concerning the experimental-use exception. Dkt. 735, at 13.

It's true that plaintiffs argued that the trials were experimental, and the court ultimately determined that they weren't, but that doesn't mean plaintiffs' litigation position was unreasonable or improper. The court denied defendants summary judgment that the patent was invalid over the trials because plaintiffs adduced evidence that the primary purpose of the trials was experimental, not commercial. *See* Dkt. 478, at 28–30. Whether the trials were experimental was genuinely disputed; a reasonable juror at that point could have found that they were. At trial, the evidence showed that the trials, although in some sense experimental,

went "beyond the scope of the experimental-use exception" and ventured into refinement at some point prior to the critical date. Dkt. 585, Tr. 5a, at 29:7–8.[1] Ultimately, the court determined that the experimental-use exception did not apply to the trials and granted defendants' motion for judgment as a matter of law that claims 11, 12, and 13 of the '398 patent were invalid as obvious over the trials combined with the '685 publication. Dkt. 706. So although plaintiffs' position concerning the CapTel trials was not ultimately successful, it was far from unreasonable. Whether the trials were an experimental use was a close call, especially in the uncharted territory of applying the experimental use exception within the context of prior art. *See, e.g.*, Dkt. 585, Tr. 5a, at 35:16–37:11, 44:2–20.

Defendants also complain of several litigation tactics that, they argue, render this case exceptional. The court is not persuaded. Plaintiffs have filed other infringement actions against defendants, which have been very burdensome to the parties and the court. But those other cases do not make *this* case exceptional under § 285, and the burdensome nature of this litigation is not exclusively plaintiffs' fault. As explained above, plaintiffs' position that the '398 patent was not invalid was not unreasonable, so their assertion of that patent was not unfair, vexatious, or a misuse of judicial resources. As for defendants' expert witness's lack of access to a certain type of phone used in the CapTel trials, defendants point to no authority stating that such a discovery dispute renders a case exceptional under § 285, nor do they show that plaintiffs acted improperly or unreasonably.

---

[1] Citations to trial transcripts are by docket entry, day and session, page, and line. Thus, "Dkt. 585, Tr. 5a, at 29:7–8" refers to the transcript from the fifth day of trial, morning session, page 29, lines 7 through 8, located on the docket at entry 585.

Plaintiffs' case was not so far outside the norms of patent litigation that it demonstrated irresponsible litigation or suggested that plaintiffs maintained the suit for some improper purpose. Fee-shifting under the circumstances of this case would discourage aggressive but good-faith patent enforcement.

## ORDER

IT IS ORDERED that defendants Sorenson Communications, Inc., and CaptionCall, LLC's motion an order that this case is exceptional under 35 U.S.C. § 285, Dkt. 735, is DENIED.

Entered September 13, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge