IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC., and CAPTEL, INC.,

    Plaintiffs,

v.

SORENSON COMMUNICATIONS, INC., and
CAPTIONCALL, LLC,

    Defendants.

ORDER FOR INJUNCTION

14-cv-66-jdp

---

WHEREAS:

Plaintiffs Ultratec, Inc. and CapTel, Inc. are the owners of U.S. Patent No. 7,660,398 ("the '398 Patent").

On February 3, 2014, Plaintiffs filed suit against Defendants Sorenson Communications, Inc. and CaptionCall, LLC for, inter alia, infringement of the '398 Patent. Plaintiffs asserted that Defendants' captioned telephones and captioned telephone service infringed Claims 11, 12, and 13 of the '398 Patent. Claim 11 claims:

> A method of operating a captioned telephone call in which an assisted user is connected by a captioned telephone device which is connected both to one telephone line to a remote user and a second telephone line to a relay providing captioning for a conversation, the method comprising the steps of
>
> > during a telephone conversation, the captioned telephone device receiving captioning for spoken words of the remote user from the relay and displaying the words in a visual display for the assisted user; and
> >
> > during the telephone conversation, the captioned telephone device using echo cancellation to cancel the voice of the assisted user from the second telephone line so that the relay does not hear the voice of the assisted user, so the relay can caption all the words on the second

> telephone line without causing confusion to the assisted user.

Claims 12 and 13 depend from independent Claim 11. Thus Claim 11 is the broadest of the asserted claims, and for the purposes of this order, Claim 11 constitutes the invention of the '398 Patent.

Over the course of the litigation, the court construed and explained parts of the claim language as follows:

> "Telephone line" means "a communication line capable of carrying voice and/or data."
>
> The claim term "using echo cancellation to cancel the voice of the assisted user" would be satisfied so long as the voice of the assisted user is inaudible, even if the call assistant at the relay could still hear some remnant of the signal. This claim limitation is satisfied so long as a call assistant with normal hearing would not hear the words spoken by the assisted user while captioning a call. Cancellation that leaves audio bleed-through that consists of only buzzing would fall within the claim limitation. Cancellation that leaves audible words would not.
>
> The reference to "from the second line" requires that it is the "captioned telephone device" that uses echo cancellation to cancel the voice of the assisted user, which means that the assisted user's voice would not be transmitted to the relay.
>
> Claim 11 is written in open form using the term "comprising," and thus the claim does not exclude methods that include additional steps or components.

Defendants stipulated that they infringed Claims 11, 12, and 13 of the '398 Patent during some of defendants' captioned telephone calls.

The jury found that Claims 11, 12, and 13 of the '398 Patent were not invalid and that approximately 88 percent of defendants' captioned telephone calls infringed Claims 11, 12, and 13. The court granted defendants' motion for judgment as a matter of law that Claims 11, 12, and 13 of the '398 Patent were invalid as obvious, but the Court of Appeals for the Federal

2

Circuit reversed the court's decision on invalidity, thus reinstating the jury's finding that Claims 11, 12, and 13 were not invalid.

After the Federal Circuit issued the mandate, plaintiffs renewed their motion for an injunction, which the court granted on August 31, 2018. The Court found that (1) plaintiffs would suffer irreparable injury without an injunction, (2) plaintiffs had no adequate remedy at law, (3) the balance of the hardships favored an injunction, and (4) the public interest would be served by an injunction.

NOW THEREFORE, for the reasons stated above, and under the authority of 35 U.S.C. § 283, and Fed. R. Civ. P. 65(d), it is hereby ORDERED:

Defendants and their officers, agents, servants, employees, partners, affiliates, licensees, successors, assigns, and attorneys, and all persons in active concert or participation with any of them are enjoined from:

1. Offering for sale, selling, or using in the United States or its territories any captioned telephone service that practices the method of Claim 11 of the '398 Patent, or any method that is no more than colorably different from that method.

2. Importing, making, offering for sale, selling, or using in the United States or its territories any captioned telephone that is specially made or adapted to practice the method of Claim 11 of the '398 Patent, or any method that is no more than colorably different from that method.

3. For purposes of this injunction order, an offer for sale includes any communication that encourages, promotes, or facilitates the sale or use of an infringing product or

service, including an advertisement, brochure, price quotation, product manual, webpage, or verbal offer for sale.

4. This injunction shall run until the expiration of the '398 Patent, unless Claims 11, 12, and 13 of the '398 Patent are adjudicated to be invalid or unenforceable before the expiration of the '398 Patent.

5. Defendants must promptly, and in no case later than 30 days from the date of this order, provide written notice of this injunction to their officers, agents, servants, employees, partners, affiliates, licensees, successors, assigns, and attorneys, and all persons in active concert or participation with any of them. Defendants must take all necessary and appropriate means to ensure that the aforementioned comply with this order.

Entered October 11, 2018.

                                              BY THE COURT:

                                              /s/
                                              _____
                                              JAMES D. PETERSON
                                              District Judge