IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ULTRATEC, INC. and CAPTEL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SORENSON COMMUNICATIONS, INC. and CAPTIONCALL, LLC,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No.: 3:14-cv-0066-jdp<br><br>FILED UNDER SEAL |

**DECLARATION OF JAMES E. MALACKOWSKI IN SUPPORT OF SORENSON'S RESPONSE TO PLAINTIFFS' NOTICE OF CALCULATION OF SUPPLEMENTAL DAMAGES, PRE-JUDGMENT INTEREST, AND POST-JUDGMENT INTEREST**

I, **JAMES E. MALACKOWSKI,** hereby declare:

1. I am the Chairman and Chief Executive Officer of Ocean Tomo, LLC, the Intellectual Capital Merchant Banc™ firm providing industry leading financial products and services related to intellectual property including financial expert testimony, valuation, strategy consulting, patent analytics, investment management and transaction brokerage. Ocean Tomo assists clients – corporations, law firms, governments and institutional investors – in realizing Intellectual Capital Equity® value broadly defined. Subsidiaries of Ocean Tomo include Ocean Tomo Investments Group, LLC, a registered broker dealer.

2. I am a founding and continuous member of the IP Hall of Fame Academy. I have been recognized annually since 2007 by leading industry publications as one of the 'World's Leading IP Strategists'. Significantly, I am listed among "50 Under 45" by IP Law & Business™; included in the National Law Journal's inaugural list of 50 Intellectual Property Trailblazers & Pioneers; and, named as one of "The Most Influential People in IP" by Managing Intellectual Property™. I was named as one of 50 individuals, companies and institutions that framed the first 50 issues of IAM Magazine as well as one of 60 leading global Economics Expert Witnesses by the same publication in 2014. In 2011 I was selected by the World Economic Forum as one of less than twenty members of the Network of Global Agenda Councils to focus on questions of IP policy. In 2013, I was inducted into the Chicago Area Entrepreneurship Hall of Fame by the Institute for Entrepreneurial Studies at the University of Illinois at Chicago College of Business Administration.

3. I have advised clients and counsel on business valuation issues as well as all phases of the technology transfer process. I have substantial experience as a Board Director for leading technology corporations and research organizations as well as companies with critical brand management issues. I am a Past President of The Licensing Executives Society International, Inc. as well as its largest chapter, LES USA & Canada, Inc. Today, I focus my not-for-profit efforts with organizations leveraging science and innovation for the benefit

of children, including those located in lesser developed countries. I am a Director of the Stanley Manne Children's Research Institute and have served since 2002 as a Trustee or Director of the National Inventors Hall of Fame, Inc., an organization providing summer enrichment programs for more than 200,000 students annually.

4. I am a frequent speaker on emerging technology markets and related financial measures. I have addressed mass media audiences including Bloomberg Morning Call, Bloomberg Evening Market Pulse, Bloomberg Final Word, CNBC Closing Bell, CNBC On the Money, CNBC Street Signs, CBS News Radio and Fox Business National Television as well as other recognized news-based internet video channels. I am a judge on behalf of the Illinois Technology Association's CityLIGHTS™ Innovation Awards program and have also appeared as a judge on PBS's *Everyday Edisons*.

5. On more than fifty occasions, I have served as an expert in U.S. Federal Court, U.S. Bankruptcy Court, State Court, the Ontario Superior Court of Justice or the International Trade Commission on questions relating to intellectual property economics including the subject of business valuation, reasonable royalty, lost profits, price erosion, commercial success, corrective advertising, creditor allocations, Hatch Waxman Act market exclusivity, business significance of licensing terms including RAND obligations, and equities of a potential injunction. As an inventor, I have more than twenty issued U.S. patents. I am a frequent instructor for graduate studies on IP management and markets and a Summa Cum Laude graduate of the University of Notre Dame majoring in accountancy and philosophy. I am Certified in Financial Forensics, a Certified Licensing Professional and a Registered Certified Public Accountant in the State of Illinois.

6. I have previously submitted a report in this matter dated July 3, 2015, as well as a declaration regarding pre-judgment interest dated December 14, 2015. I have also provided deposition and trial testimony in this matter.

7. My curriculum vitae is provided with this declaration in Attachment A.

**Assignment**

8. Dominic Persechini of LitiNomics, Inc. filed a declaration dated November 19, 2018 presenting his calculations of supplemental damages, pre-judgment interest, and post-judgment interest[1]

9. Defendants have determined that the date of judgment in this matter, including for purposes of calculating pre- and post-judgment interest, is October 15, 2015.[2] Defendants requested that, in the alternative, pre- and post-judgment be calculated in the event the date of judgment in this matter is found to be May 18, 2018. Plaintiffs contend that the date of judgment is not yet known and have considered dates between November 27, 2018 and February 28, 2019.[3]

10. I have been asked to review Mr. Persechini's calculations and the assumptions underlying those calculations, and to provide calculations of supplemental damages, pre- and post-judgment interest in this matter assuming alternative judgment dates of October 15, 2015, May 18, 2018 and each date from November 27, 2018 through February 28, 2019.

---

[1] Declaration of Dominic Persechini, November 19, 2018.
[2] Sorenson's Response to Plaintiffs' Notice of Calculation of Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest, November 29, 2018, p. 2.
[3] Plaintiffs' Notice of Calculation of Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest, November 19, 2018, p. 2.

**Summary of Opinions**

11. The royalties due in this matter are the royalties awarded by the jury of $5,443,484.61[4] for infringing minutes from January 2011 through September 2015 plus royalties on CaptionCall minutes from October 2015 through December 3, 2015, after which CaptionCall fully transitioned to non-infringing firmware. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The amount of royalties, including supplemental damages, is the same amount as that calculated by Mr. Persechini.

12. Pre-judgment interest is calculated at a six percent annual rate, compounded quarterly, applied to the royalties due for 88 percent of the CaptionCall minutes in each quarter. The adjustment from total minutes to royalty-bearing minutes is consistent with the jury's decision and the Order of the Court, as is the six percent interest rate and the quarterly compounding.[6] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[7]▓▓▓▓▓▓▓▓▓▓▓. My methodology for calculating pre-judgment is the same as the methodology used by Mr. Persechini, although I have applied that methodology to additional dates of judgment – October 15, 2015 and May 18, 2018. For dates of judgment from November 27, 2018 through February 28, 2019, Mr. Persechini and I calculated the same amount of pre-judgment interest for each date.[8]

13. Post-judgment interest is calculated at the annual interest rate of 0.27 percent with annual compounding, consistent with the Court's Order.[9] I have calculated post-judgment interest from the date of judgment through November 27, 2018 and I have provided the daily post-judgment interest amount applicable through the next date for annual compounding, as shown on Schedule 1.0. The daily post-judgment interest is shown on Schedule 1.1 for the potential dates of judgment from November 28, 2018 through February 28, 2019. My methodology for calculating post-judgment is the same as the methodology used by Mr. Persechini, although I have applied that methodology to additional dates of judgment – October 15, 2015 and May 18, 2018. For dates of judgment from November 27, 2018 through February 28, 2019, Mr. Persechini and I calculated the same amount of post-judgment interest for each date, although Mr. Persechini presents his calculation as total dollar amounts and I present my calculation as an amount of post-judgment interest per day.

14. Figure 1 provides a summary of the royalties, including supplemental damages, pre-judgment interest, and post-judgment interest for dates of judgment of October 15, 2015, May 18, 2018 and November 27, 2018. Schedule 1.1 provides these amounts for dates of judgment from November 28, 2018 through February 28, 2019.

---

[4] Judgment, October 15, 2015.
[5] Opinion and Order, August 31, 2018, pp. 10-11.
[6] Opinion and Order, August 31, 2018, pp. 10-11, 13.
[7] Schedule 1.0.
[8] Rounding may result in differences of $0.01 in my calculations and those of Mr. Persechini.
[9] Opinion and Order, August 31, 2018, p. 13.

Declaration of James E. Malackowski         3

Figure 1 — Royalties, Pre- and Post- Judgment Interest January 2011 – November 27, 2018[10]



**Supplemental Damages**

15. The Court ordered Defendants to pay supplemental damages on CaptionCall minutes in the period from October 1, 2015 through December 3, 2015.[11] Because the jury awarded damages on 88 percent of the minutes presented at trial for the period from January 2011 through September 2015, the Court ordered that royalties at the rate of $0.03 per minute, as determined by the jury, were due on 88 percent of CaptionCall's minutes from October 2015 through December 3, 2015, after which CaptionCall transitioned to non-infringing alternatives.[12]

16. 

17. 

**Pre-Judgment Interest**

18. I understand that pre-judgment interest is calculated on the amount of damages from the date of the infringement through the date of judgment. In this matter, like Mr. Persechini, I have calculated the number of infringing minutes and the related amount of royalties due by quarter. The Court ordered pre-judgment interest to be calculated at a six percent annual rate of interest, compounded quarterly.[13]

---

[10] Schedule 1.0.
[11] Opinion and Order, August 31, 2018, pp. 10-11.
[12] Opinion and Order, August 31, 2018, pp. 10-11.
[13] Opinion and Order, August 31, 2018, p. 13.

Declaration of James E. Malackowski        4

19. Like Mr. Persechini, I assumed that royalty payments would be due 30 days after the end of each quarter. Schedules 6.0 and 6.1 present the number of infringing minutes for each quarter in 2011 through 2015, including supplemental damages. Schedules 2.0, 3.0 and 4.0 present the royalties due for each quarter and the assumed royalty payment due dates for dates of judgment of October 15, 2015, May 18, 2018 and November 27, 2018, respectively. For the October 15, 2015 date of judgment, supplemental damages are included for CaptionCall infringing minutes from October 1, 2015 through October 15, 2015; all royalties related to supplemental damages are included in the calculations for dates of judgment of May 18, 2018 and November 27, 2018.

20. Each of Schedules 2.0, 3.0 and 4.0 shows for each quarter the number of quarters between the royalty due and the date of judgment, the related calculated interest factor and the calculated amount of pre-judgment interest. Although the number of quarters and the interest factors are not shown, the same methodology is used in calculating the pre-judgment interest for each potential judgment date from November 27, 2018 through February 28, 2019. The methodology for my calculations is the same as that used by Mr. Persechini, although I have applied the methodology to dates of judgment of October 15, 2015 and May 18, 2018, which were not considered by Mr. Persechini, as well as to the dates of judgment from November 27, 2018 through February 28, 2019, which were considered in Mr. Persechini's calculations.

**Post-Judgment Interest**

21. I understand that post-judgment interest is due on the amount of royalties, including supplemental damages, plus the amount of pre-judgment interest from the date of judgment to the date of payment. The Court ordered post-judgment interest to be paid at the rate determined in accordance with the applicable statute, or 0.27 percent, with annual compounding.[14]

22. For the October 15, 2015 and May 18, 2018 dates of judgment, I have calculated post-judgment interest through November 27, 2018 and have also provided the amount of additional post-judgment interest incurred each day after November 27, 2018 until payment, assuming payment is made prior to the next date of annual compounding for the post-judgment interest. These calculations are presented on Schedules 2.1 and 3.1. The rate per day of post-judgment interest is provided for all considered dates of judgment from November 27, 2018 through February 28, 2019 in Schedule 1.1.

---

[14] Opinion and Order, August 31, 2018, p. 13.

Declaration of James E. Malackowski         5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 29, 2018

_____
JAMES E. MALACKOWSKI