IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC., and CAPTEL, INC.,

                Plaintiffs,

v.                                             OPINION and ORDER

SORENSON COMMUNICATIONS, INC., and           14-cv-66-jdp
CAPTIONCALL, LLC,

                Defendants.

---

As we near the end of a long case, we must tally some additional amounts owed to the prevailing plaintiffs. The main question before the court is the date on which pre-judgment interest ends and post-judgment interest begins. Such apparently simple questions have a way of getting complicated in patent cases, and the parties were not satisfied with their opening briefs. So plaintiffs ask the court to accept a reply, Dkt. 815, and defendants ask for a sur-reply, Dkt. 817. The court will accept all the briefs, although they add little of substance to the analysis.

Plaintiffs prevailed at trial, and the jury awarded damages in the form of a reasonable royalty of $5,443,484.61. The court entered judgment on this verdict on October 15, 2015. Dkt. 580. Defendants would like this to be the date on which pre-judgment interest ends.

But the October 2015 judgment didn't stand for long, because the court granted defendants' motion for judgment as a matter of law that the patents-in-suit were invalid. Dkt. 706. Both sides appealed: plaintiffs wanted to overturn the ruling that the patents were invalid and defendants wanted a new trial on damages. Plaintiffs won both points on appeal. *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 733 F. App'x 535 (Fed. Cir. 2018). So the Federal Circuit decision, issued May 18, 2018, effectively reinstated the jury's verdict. Defendants contend

that the Federal Circuit decision on the damages issues confirms that the October 2015 judgment correctly ascertained plaintiffs' damages, and thus October 15, 2015, is the date on which pre-judgment interest terminates.

Defendants base their argument on *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). The important point in *Kaiser Aluminum* for our purposes is that a judgment for damages that has been wholly reversed does not correctly ascertain the amount of damages and it therefore does not mark the end of pre-judgment interest. Defendants argue, reasonably, that *Kaiser Aluminum* also implies that a judgment for damages that correctly ascertains damages does indeed mark the end of pre-judgment interest. On defendants' calculation, pre-judgment interest would be $464,820.92.

Plaintiffs' counterargument is that the October 2015 judgment does not fully ascertain damages because plaintiffs are entitled to more: specifically an award of supplemental damages and the pre-judgment interest itself. So, plaintiffs' argument goes, the October 2015 judgment does not fully ascertain plaintiffs' damages, and plaintiffs are entitled to pre-judgment interest until the court enters a truly final judgment with all elements of plaintiffs' damages included. On plaintiffs' calculation, pre-judgment interest would be more than $1.8 million and counting.

Plaintiffs invoke the principle that a judgment is not final for appeal purposes unless it incorporates all components of damages to be awarded by the court, including pre-judgment interest. *See, e.g., Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). Sometimes this means that pre-judgment interest will continue to accrue while the court considers the parties' submissions on supplemental damages and pre-judgment interest. Because the pre-judgment interest rate is typically higher than the post-judgment rate, the extended accrual of pre-judgment interest can result in a windfall for a prevailing plaintiff, as

2

this court observed in *e2 Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-CV-629-SLC, slip op. at 2–3 (W.D. Wis. Dec. 6, 2012). Defendants also invoke decisions dealing with the finality of judgments. They argue that when the calculation of pre-judgment interest is a ministerial or mechanical task, a judgment is final even if it does not include pre-judgment interest. *See Prod. & Maint. Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1401 (7th Cir. 1992). But whether the October 2015 judgment is a final judgment for purposes of appeal is not the issue, so these cases are not helpful.

The question here is whether pre-judgment interest should accrue during a lengthy appeal that ultimately upholds the jury's verdict on damages. In arguing that it should, plaintiffs rely on *Cement Division, National Gypsum Co. v. City of Milwaukee*, 950 F. Supp. 904 (E.D. Wis. 1996), *aff'd* 144 F.3d 1111 (7th Cir. 1998). That case may be somewhat informative, but it is not squarely on point. The case involved nearly two decades of litigation over a shipwreck. At the point that matters to us, the district court had denied the prevailing plaintiff's request for pre-judgment interest. That decision was reversed in an appeal to the Supreme Court, where the sole issue was entitlement to pre-judgment interest. *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189 (1995). On remand, the district court awarded pre-judgment interest as mandated, and, following *Kaiser Aluminum*, the district court held that pre-judgment interest would accrue until the district court entered an amended judgment that included pre-judgment interest. *Cement Division* is distinguishable because the original judgment was reversed on appeal (unlike the judgment in this case), and the amount of pre-judgment interest was the only component of damages contested during that phase of the litigation. *Cement Division* is an unusual case that would be a poor source for a general rule about accruing pre-judgment interest after an appeal.

Plaintiffs also invoke *AT&T v. United Computer Systems, Inc.*, 98 F.3d 1206 (9th Cir. 1996), which was cited by the district court in *Cement Division*. In *AT&T,* the district court affirmed an arbitration award for United Computer Systems and entered judgment on the award in October 1991. The judgment was vacated pending appeal, but the award was affirmed. On remand, the district court entered a new judgment in March 1994, but allowed pre-judgment interest only through the October 1991 judgment, with post-judgment interest thereafter. The Ninth Circuit reversed, relying on general equitable principles in the absence of a clear rule. The Ninth Circuit acknowledged that both the October 1991 and the March 1994 judgments adequately ascertained United Computer Systems' damages, but allowed pre-judgment interest through the second judgment for two reasons. First, it was AT&T who requested that the original judgment be vacated, so it was responsible for the delay. Second, allowing pre-judgment interest at a higher rate through the later judgment date "more fully compensates" United Computer Systems for the time value of the awarded amount during the appeal. The opinion in *AT&T* suggests that a district court could consider a broad range of equitable factors, but it reached a result that would favor plaintiffs in this case.

Defendants cite several appellate decisions that point the other way. For example, the First Circuit has stated the rule as follows:

> In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment.

*Cordero v. De Jesus-Mendez*, 922 F.2d 11, 16 (1st Cir. 1990). This approach has been endorsed by a district court in the Seventh Circuit. *See C.R. Bard, Inc. v. M3 Sys., Inc.*, 120 F. Supp. 2d 1145, 1150 (N.D. Ill. 2000); *see also Transmatic, Inc. v. Gulton Indus. Inc.*, 180 F.3d 1343, 1349

(Fed. Cir. 1999) (applying Sixth Circuit law and holding that post-judgment rather than pre-judgment interest accrued during interim period from time of first judgment, which was appealed and remanded by Federal Circuit for clarification of the grounds for the award, and the time of a second, identical judgment supported by additional district court findings); *Indu Craft, Inc. v. Bank of Barcoda*, 87 F.3d 614, 619–20 (2d Cir. 1996) (post-judgment interest ran from date of original district court judgment, not appellate court's reinstatement of judgment after trial court's alteration; original judgment was supported by evidence and was ascertained in a meaningful way).

The rule as stated in *Cordero* appears to be the majority rule regarding the accrual of pre-judgment interest after remand, but the analytical framework that the Ninth Circuit applied in *AT&T* is not in direct conflict with it. So the question here is whether the October 2015 judgment is "basically sound" even though it will be modified on remand to add pre-judgment interest and supplemental damages. In answering this question, the court can consider pertinent equitable factors.

In this case, the court set the rate of pre-judgment interest at six percent, as requested by plaintiffs. Dkt. 788. Plaintiffs argued for the lowest rate actually paid by defendants for unsecured debt, to reflect a market assessment of defendants' relatively high risk of non-payment. *Id*. at 13. Promptly after judgment, defendants posted a supersedeas bond to secure payment of the judgment, Dkt. 587, which the court approved the next day, Dkt. 590. After the bond was approved on October 22, 2015, plaintiffs were no longer at any risk of non-payment, so there is no persuasive reason to calculate interest on the damage award at an elevated rate for more than three additional years. Plaintiffs did not dispute the amount of the bond, so they cannot contend that the bond is insufficient to address the risk of non-payment.

Plaintiffs are entitled to an award of supplemental damages to cover infringement from the date of the expert reports (September 30, 2015) to the end of infringement (December 2, 2015). The parties have agreed to supplemental damages of $259,954.86. Plaintiffs contend that they are entitled to pre-judgment interest on this amount, too, because it is part of their compensation of defendants' infringement, and yet this amount is not reflected in the October 2015 judgment. Plaintiffs have a fair point. But under typical circumstances, supplemental damages represent a minor adjustment of infringement damages for activities that occur shortly before judgment. Thus, pre-judgment interest on an award of supplemental damages will usually be minimal. And this case is typical in that respect: pre-judgment interest on the supplemental damages would have been minimal, but for the protracted post-judgment course of this case. It would not be fair to defendants to accrue six percent interest on the entire judgment amount—nearly $6 million with supplemental damages—for more than three years, just so plaintiffs can get interest on their supplemental damages. Again, plaintiffs could have asked defendants to post a supersedeas bond sufficient to address the risk of non-payment of supplemental damages, but they did not.

The court concludes that the October 2015 judgment based on the jury's determination of damages is basically sound, and that the balance of equitable considerations calls for accruing pre-judgment interest until October 15, 2015, and for post-judgment interest after that.

Accordingly, the court will award pre-judgment interest through October 15, 2015, consistent with its August 31, 2018 order, for a total of $464,820.92. It will award post-judgment interest consistent with defendants' expert's calculations, *see* Dkt. 810-2, at 1, the mathematical accuracy of which plaintiffs do not dispute. This yields a total of $51,969.15 for the post-judgment period running through November 27, 2018, with additional post-judgment

interest accruing at the rate of $46 per day thereafter. $46 multiplied by 184 (the number of days that have elapsed since November 27, 2018) comes to $8,464, which means that plaintiffs are entitled to $60,433.15 as of today, May 29, 2019, with additional interest accruing at a rate of $46 per day.

ORDER

IT IS ORDERED that:

1. Plaintiffs Ultratec, Inc. and CapTel, Inc.'s motion for leave to file a reply in support of their calculation of supplemental damages, pre-judgment interest, and post-judgment interest, Dkt. 815, is GRANTED. Defendants Sorenson Communications, Inc. and CaptionCall, LLC's motion for leave to file a sur-reply, Dkt. 817, is GRANTED.

2. Plaintiffs Ultratec, Inc. and CapTel, Inc.'s motion to alter or amend the judgment to account for infringement outside of the time period by the jury verdict and to award pre- and post-judgment interest, Dkt. 612, is GRANTED in part:

    a. The court awards plaintiffs supplemental damages in the amount of $259,954.86.

    b. The court awards plaintiffs pre-judgment interest in the amount of $464,820.92.

    c. The court awards plaintiffs post-judgment interest in the amount of $60,433.15 for the post-judgment period running through May 29, 2019, with additional post-judgment interest accruing at the rate of $46 per day thereafter.

3. The clerk of court is directed to enter judgment on the jury verdict and this order.

Entered May 29, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge